**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C. THOMAS MESSICK, individually and as Personal Representative of the Estate of Theresa J. Messick; et al., | No. 09-35066 |
| Plaintiffs - Appellees, | D.C. No. 2:07-cv-00039-CSO |
| v. | MEMORANDUM [*] |
| PATROL HELICOPTERS INC., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted December 9, 2009 [**]
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Patrol Helicopters, Inc. appeals the district court's judgment following a jury

verdict finding the defendant negligent. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review a district court's denial of a motion for a new trial under Federal Rule of Civil Procedure 59(a) for an abuse of discretion." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). Because the defendant filed a motion for new trial to challenge the sufficiency of the evidence, it was not required to first file a motion for judgment as a matter of law. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 765 (9th Cir. 2003). Therefore, the defendant did not waive its right to appeal this issue.

Testimony that Darrell Bowman decided to pass Daniel Lyons's truck without slowing did not constitute clear and undisputed evidence that Bowman was negligent. The jury heard testimony that Bowman was paying attention, and that he saw no reason to slow down during his passing maneuver. Thus, the record contains support for the jury's verdict and the district court did not abuse its discretion when it denied the defendant's motion for a new trial.

Evidentiary rulings by the trial court are reviewed for abuse of discretion. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 601 (9th Cir. 1991). The district court has "broad discretion in deciding what constitutes proper rebuttal evidence." *Id*. at 601. The district court did not err in allowing the plaintiffs to present rebuttal evidence from Paul Smith. In their case-in-chief, the plaintiffs set forth evidence that Lyons was negligent because he could

2

see Bowman in his side-view mirrors, and evidence that Bowman exercised reasonable care while driving because he could not anticipate a left turn by Lyons. Because the defendant raised the issue of whether Lyons could have anticipated his own left-turn because of his unique vantage point in the truck, it was within the district court's discretion to permit the plaintiffs to present rebuttal evidence.

The district court also did not err in excluding information regarding Bowman's failure to bring a personal injury claim against Patrol Helicopters, Inc. The district court informed the jury that Bowman was not making a personal injury claim against the defendant. The reason why Bowman did not bring a claim did not bear on the defendant's negligence. Thus, it was not an abuse of discretion for the district court to conclude that testimony about why Bowman did not bring a claim should be excluded as speculative, confusing, and a waste of time.

We also affirm the district court's decision to admit digital stills from Richard Fay's video animation. Fay set forth the foundation for the digital stills on direct examination, and he was subject to cross-examination to undermine the weight of his evidence. It was well within the district court's discretion to permit Fay to present the stills to the jury to illustrate his opinion.

When counsel engages in misconduct during closing argument, and no contemporaneous objection is made, the court reviews the incident for plain or

3

fundamental error. *Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 517 (9th Cir. 2004). "Plain error review requires: (1) an error; (2) that the error be plain or obvious; (3) that the error have been prejudicial or affect substantial rights; and (4) that review be necessary to prevent a miscarriage of justice." *Id*. Plaintiffs' counsel erred during rebuttal closing argument when he stated that the court directed the jury to find the defendant negligent. However, the district court gave the jury a curative instruction subsequent to that argument, and a jury is presumed to follow the district court's instructions, *Doe ex. rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000). The jury also heard evidence to support its finding that the defendant was negligent. Thus, plaintiffs' error was not unfairly prejudicial and could not have affected the defendant's substantial rights.

**AFFIRMED.**